United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ANTONIO LOMBARI, individually and d/b/a GENESIS DRYWALL,<br><br>　　　　Defendant. | No. 10-0709 SC<br><br>ORDER GRANTING MOTION<br>FOR DEFAULT JUDGMENT |

## I.　INTRODUCTION

Before the Court is the Motion for Default Judgment ("Motion") submitted by Plaintiffs Bay Area Painters and Tapers Pension Trust Fund ("the Pension Fund"), its Joint Board of Trustees, and Les Porteau and Charles Del Monte as Trustees for the Pension Fund; District Council 16 Northern California Health and Welfare Trust Fund ("the Health Fund"), its Joint Board of Trustees, and Doug Christopher and John Maggiore as Trustees for the Health Fund; District Council 16 Northern California Apprentice and Journeyman Training Trust Fund ("the Apprentice Fund"), its Joint Board of Trustees, and Doug Christopher and Marion Bourboulis as Trustee for the Apprentice Fund, I.U.P.A.T. Union and Industry National Pension Fund ("the National Pension Fund"), its Joint Board of Trustees, and James Williams as Trustee

1  for the National Pension Fund; and District Council 16 of the
2  International Union of Painters and Allied Trades (collectively,
3  "Plaintiffs").  ECF No. 15 ("Mot.").  For the reasons stated
4  herein, the Court GRANTS Plaintiffs' Motion.

**II.  BACKGROUND**

Plaintiffs contend that Defendant Antonio Lombari, individually, and doing business as Genesis Drywall ("Defendant"), is bound by the terms and conditions of the Northern California Drywall Finishers Master Agreement.  Williams Decl. ¶¶ 3-4, Ex. A ("Bargaining Agreement").[1]  The Bargaining Agreement requires contributions to be made to Plaintiffs based on employee hours worked in a particular month, and requires contributions to be paid on or before the fifteenth day of the following month.  Bargaining Agreement at 26.  Liquidated damages on delinquent contributions incurred after April 1, 2009 increase to twenty percent once a lawsuit has been filed to recover the unpaid contributions.  Young-Tem Decl.[2] ¶ 2; Williams Decl. Ex. B ("District Council 16 Northern California Health and Welfare Trust Fund Agreement") at 4.  The rate of interest on delinquent contributions is set at five percent.  Young-Tem Decl. ¶ 2.

On December 8, 2009, Plaintiffs' counsel notified Lombari

---

[1] Blake E. Williams ("Williams"), an associate of Saltzman and Johnson Law Corporation, attorneys for Plaintiffs, filed a declaration in support of the Motion.  ECF No. 16.

[2] Carolyn Young-Tem ("Young-Tem"), an employee of Associated Third Party Administrators, administrator of the Plaintiff Trust Funds, filed a declaration in support of the Motion.  ECF No. 18.

2

1  that he had failed to submit reports or pay contributions for
2  hours worked by his employees for the months of August through
3  October 2009.  Williams Decl. ¶ 5, Ex. C ("Dec. 8, 2009 Letter").
4  Plaintiffs' counsel sent another demand letter on January 12,
5  2010.  Id. ¶ 6, Ex. D ("Jan 12, 2010 Letter").

6  Plaintiffs filed their Complaint on February 19, 2010.  ECF
7  No. 1 ("Compl.").  It states that Defendant failed to pay
8  contributions for work performed by its employees during the
9  months of August through December 2009.  Id. ¶ 18.  In March 2010,
10 Defendant contacted Plaintiffs' counsel, requested a payment plan
11 for delinquent contributions, and sent the delinquent reports for
12 August 2009 through February 2010.  Williams Decl. ¶ 8.  A payment
13 plan in the form of a judgment pursuant to stipulation was sent to
14 Defendant on March 26, 2010, but Defendant never signed it.  Id.
15 ¶¶ 8-9.

16 Instead, Defendant sought to have his contributions for the
17 month of March included in the payment plan, and sent his March
18 reports to Plaintiffs' counsel.  Id. ¶ 9.  In April 2010,
19 Defendant sent certified payroll reports for three separate
20 projects: the Ross School Project, the Walnut Creek Library
21 Project and the Napa Valley Library Project.  Id. ¶ 10.  The
22 general contractors on those projects were Wright Contracting,
23 Inc., West Bay Builders, Inc. and Edge Development, Inc.  Id.  An
24 auditor at Lindquist LLP analyzed the certified payroll reports
25 and determined that Defendant owed Plaintiffs significant
26 contributions of between forty to sixty thousand dollars for each

1   of these projects.  Dominguez Decl. ¶¶ 1-5.[3]

2   On April 28, 2010, Defendant notified Plaintiffs' counsel
3   that it was having a major cash flow problem.  Williams Decl.
4   ¶ 14.  On July 1, 2010, Plaintiffs' counsel received a check in
5   the amount of $40,552.32 from Wright Contracting, Inc., for
6   payment of Genesis Drywall's delinquent contributions due on the
7   Ross School Project.  Id. ¶ 16.

### III. LEGAL STANDARD

After entry of a default, the Court may enter a default judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.  As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default is requested."  Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil

---

[3] Janet Dominguez ("Dominguez"), an employee of Lindquist LLP, filed a declaration in support of the Motion.  ECF No. 17.

4

1  Procedure favoring decisions on the merits. Eitel v. McCool, 782
2  F.2d 1470, 1471-72 (9th Cir. 1986).

**IV.   DISCUSSION**

    **A.   Service of Process**

Lombari, the proprietor of Genesis Drywall, was personally served on June 8, 2010. ECF No. 8 ("Proof of Service"). However, the Proof of Service does not indicate which documents were served on Lombari. See Proof of Service. Despite this deficiency, it is clear that Lombari and Genesis Drywall had notice of this lawsuit because after the Complaint was filed, counsel for Plaintiffs negotiated a payment plan for all delinquent contributions with Genesis Drywall -- which was never signed -- and the company continued to provide contribution and payroll reports through April 2010, which form the basis for the amount of delinquent contributions requested in Plaintiffs' Motion. See Williams Decl. ¶¶ 7-11. Also, a copy of the Motion for Default Judgment and supporting documents was mailed to Lombari's address in Clearlake, California. See ECF No. 20. Correspondence between the parties states that the Complaint and other documents were sent to Genesis Drywall. See Williams Decl. Ex. E ("Mar. 26, 2010 Letter"). The Court finds that service of process was adequate.

    **B.   Default Judgment**

After the entry of default, well-pleaded factual allegations are taken as true, except as to the amount of damages. Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). The

Complaint alleges that Defendant entered into agreements whereby contributions were to be made to various pension trust funds, and that in the event of delinquent contributions, Defendant agreed to pay liquidated damages. Compl. ¶¶ 12-17. The Complaint alleges that Defendant failed to pay contributions required under the agreements. Id. ¶ 18. The Court accepts as true these factual allegations.

The Eitel factors favor default judgment. Plaintiffs would be prejudiced if default judgment were not awarded because they would be left without a means of recovering Defendant's unpaid contributions. The Employee Retirement Income Security Act ("ERISA") allows for a fiduciary to bring a civil action to redress violations, including an employer's failure to make contributions to a multiemployer plan. 29 U.S.C. §§ 1132(a)(3), 1145. Therefore, Plaintiffs' claim against Defendant for delinquent contributions has merit, and the Complaint is sufficient.

There is no indication that Defendant's default was due to excusable negligent. After the Complaint was filed, an employee of Genesis Drywall contacted Plaintiffs' counsel and sought to enter into a payment plan to pay off the delinquent amounts. See Williams Decl. ¶¶ 8-9 ; Mar. 26, 2010 Letter. Plaintiffs' Counsel formulated a payment plan and sent Gary Allen of Genesis Drywall a Judgment Pursuant to Stipulation, but Lombari never signed it. See id. Even though Defendant continued to provide payroll reports to Plaintiffs' counsel, on April 28, 2010, Plaintiffs' counsel was informed that Genesis Drywall was having a major cash

6

flow problem. Williams Decl. ¶¶ 10-14. Plaintiffs' counsel had no further contact with Genesis Drywall or Lombari. Id. ¶ 14.

Although federal policy favors a decision on the merits, Rule 55(b) allows entry of default judgment in situations such as this, where Defendant has failed to litigate. Courts are less inclined to enter default judgment if there is a large sum of money at stake. See Eitel, 782 F.2d at 1472 (denying default judgment where plaintiff sought almost three million dollars). Here, Plaintiffs seek an award of $185,012.06. Mot. at 2-3. While a considerable amount of money is at stake here, the Court finds that, on balance, the Eitel factors favor default judgment.

**C.    Damages**

Plaintiffs filed their Complaint in February 2010 based on Defendant's failure to pay contributions during the months of August through December 2009. See Compl. ¶ 18. Plaintiffs seek an award based on unpaid contributions, liquidated damages, and interest from August 2009 to April 2010. Mot. at 2.

In March 2010, Defendant sent Plaintiffs' counsel contribution and payroll reports from August 2009 through February 2010. Williams Decl. ¶ 8. In April 2010, Defendant sent Plaintiffs' counsel his March reports. Id. ¶ 9. Defendant also sent certified payroll reports for the Ross School Project, the Walnut Creek Library Project, and the Napa Valley Library Project. Id. ¶ 10. Plaintiffs' calculation of delinquent contributions is based on these reports. Young-Tem Decl. ¶ 2. The administrator of the trust funds notes some discrepancies between the amounts reported by Genesis Drywall as due for contributions and the

7

contributions due as detailed by the certified payroll reports. Id. ¶¶ 5-6. Plaintiffs' calculation of contributions due is based on the higher of the two contribution amounts found in either Genesis Drywall's contribution reports or their certified payroll reports. Id. This evidence is sufficient to find that Defendant owes Plaintiffs the following unpaid contributions: $1395.24 for August 2009; $211.40 for September 2009; $3688.93 for October 2009; $3932.04 for November 2009; $17,683.61 for December 2009; $38,643.66 for January 2010; $60,817.20 for February 2010; $32,059.66 for March 2010; and $11,409.36 for April 2010.

Plaintiffs seek liquidated damages of twenty percent and interest of five percent on the unpaid contributions. Mot. at 2. Both interest and liquidated damages are authorized by statute. 29 U.S.C. § 1132(g)(2). Unpaid contributions must exist at the time of suit for statutory liquidated damages to be awarded. Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mech. Contractors, Inc., 875 F.2d 212, 215-16 (9th Cir. 1989). Here, Plaintiffs filed their Complaint in February 2010 based on Defendant's failure to pay contributions during the months of August through December 2009. See Williams Decl. ¶¶ 1-7. Plaintiffs may also recover liquidated damages on contributions that became due after the Complaint was filed. See Roofers Local Union No. 81 v. Wedge Roofing, Inc., 811 F. Supp. 1398, 1401-02 (N.D. Cal. 1992) (finding that it would undermine policy goals of deterring ERISA violations and recompensing prevailing plans to require plaintiff to file multiple lawsuits to recover liquidated damages which came due after complaint was filed).

8

1    Based on the information provided to the Court in the
2 supporting declarations, and the exhibits attached to those
3 declarations, and taking into account the payment of $40,552.32
4 provided to Plaintiffs by Wright Contracting, Inc., the Court
5 awards Plaintiffs $166,610.64 for unpaid contributions, liquidated
6 damages and interest from August 2009 to April 2010.
7    In addition, under ERISA, Plaintiffs are entitled to recover
8 reasonable attorney fees and costs.  29 U.S.C. § 1132(g)(2);
9 Operating Engineers Pension Trust v. Reed, 726 F.2d 513, 514 (9th
10 Cir. 1984).  The declaration submitted by Plaintiffs' counsel
11 outlines the billing rates and explains the work performed by
12 Plaintiffs' attorneys and paralegal on this case.  Williams Decl.
13 ¶ 17.  Accordingly, the Court awards Plaintiffs attorney fees of
14 $16,474.[4]  Plaintiffs' counsel itemizes the incurred costs.  Id.
15 The Court awards costs of $1927.42.

## V.   CONCLUSION

18    The Court GRANTS the Motion for Default Judgment filed by
19 Plaintiffs Bay Area Painters and Tapers Pension Trust Fund ("the
20 Pension Fund"), its Joint Board of Trustees, Les Porteau, Charles
21 Del Monte, District Council 16 Northern California Health and
22 Welfare Trust Fund, its Joint Board of Trustees, Doug Christopher,
23 John Maggiore, District Council 16 Northern California Apprentice

---

[4] The Court notes that the paragraph begins by requesting $14,982 and ends by requesting $16,474 in attorney fees. Williams Decl. ¶ 17.  Based on the explanation of the work performed by each attorney and one paralegal, it is clear to the Court that Plaintiffs' counsel intended to request the larger amount.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

and Journeyman Training Trust Fund, its Joint Board of Trustees, Marion Bourboulis, I.U.P.A.T. Union and Industry National Pension Fund, its Joint Board of Trustees, James Williams, and District Council 16 of the International Union of Painters and Allied Trades.  Judgement will be entered in favor of Plaintiffs and against Defendant Antonio Lombari, individually, and doing business as Genesis Drywall in the amount of $185,012.06.

IT IS SO ORDERED.

Dated: September 23, 2010



UNITED STATES DISTRICT JUDGE